UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS T. GIBBS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:03 CV 69 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter arises on Movant Curtis Gibbs' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed January 17, 2003. (Doc. No. 1). In 2002, Gibbs pled guilty to possession with intent to distribute cocaine base, and being a felon in possession of a firearm. This Court sentenced him to 140 months imprisonment. He now asks the Court to vacate, set aside, or correct his sentence. For the reasons stated below, the Court denies Gibbs's motion.

**I.    BACKGROUND**

In October 2001, St. Louis City police officers were investigating Gibbs for violation of drug laws. (Government's Memorandum in Opposition, Doc. No. 8, attached exh. 4, at 6 ("Stipulation of Facts")). They obtained a State of Missouri search warrant for Gibbs's home. The warrant yielded approximately 19.78 grams of cocaine base and a fully loaded firearm. Before October 2001, Gibbs had been convicted of two felonies under the laws of the State of Missouri.[1]

---

[1] Unlawful use of a weapon, and delivery of a controlled substance.

1

Gibbs was charged by indictment with one count of possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1). Gibbs was assigned a federal public defender, but later retained a private attorney. On March 5, 2002, Gibbs pled guilty to both charges. While awaiting sentencing, Gibbs was again arrested for possession of cocaine base. Gibbs, through his attorney, filed objections to the Presentence Report,[2] and argued these objections at the sentencing hearing. This Court overruled the objections and sentenced Gibbs to 140 months imprisonment on the first count, and 120 months on the second count, to be served concurrently. As part of the plea agreement, Gibbs waived his right to appeal, and no appeals were filed. Gibbs filed the instant pro se § 2255 motion on January 17, 2003. Respondent filed its response on April 4, 2003. (Doc. No. 8). Movant then filed an additional claim on August 13, 2004. (Doc. No. 14).

As grounds for his § 2255 motion, Gibbs alleges that:[3]

(1) He was incompetent to plead guilty;

(2) He received ineffective assistance of counsel;

(3) The search of his home violated the Fourth Amendment;

(4) The prosecution did not turn over evidence during discovery;

(5) His sentence was improper;

(6) He is innocent of the charges; and

---

[2] Originally, the government recommended Gibbs for a three level decrease due to acceptance of responsibility. Because he was again arrested while awaiting sentencing, the presentence report recommended that he not be eligible for the three level decrease. Gibbs's attorney argued that he should still be eligible for the decrease.

[3] The Court has reorganized Gibbs's claims for clarity.

(7) His sentence violates his Sixth Amendment rights under United States v. Booker, 125 S.Ct. 738 (2005).[4]

## II. STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

---

[4] Gibbs cites Blakely v. Washington, 542 U.S. 296 (2004) in his motion. The Court will construe it as a Booker claim. Gibbs filed his motion before the Supreme Court decided Booker, extending Blakely's holding to cover the Federal Sentencing Guidelines.

3

## III. DISCUSSION

### A. Mental Incompetence

Gibbs claims that he is mentally incompetent to understand the elements of the crimes, and that he was not fully advised of the charges. He asserts that he has "been previously diagnosed with mental disability and was coersed [sic] into pleading guilty." (§ 2255 Motion, Doc. No. 1 at 4).

The test for competency is whether a defendant has "a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 403 (1960). "[T]he issue in a substantive competency claim is whether the defendant was in fact competent to stand trial, but the issue in a procedural competency claim is whether the trial court should have conducted a competency hearing." Vogt v. United States, 88 F.3d 587, 590-91 (8th Cir.1996). "A denial of either of these rights may provide the basis for habeas relief." Wiesberg v. Minnesota, 29 F.3d 1271, 1276 (8th Cir.1994). Gibbs makes a substantive claim regarding his competency by claiming that he was mentally incompetent at the time of his guilty plea and sentencing.

"The burden of persuasion was on petitioner to show that he was incompetent by a preponderance of the evidence." Vogt, 88 F.3d at 591. It is not enough for Gibbs to simply state that he was suffering mental problems at the time of his guilty plea or sentencing. In addition, "neither low intelligence [nor] mental deficiency . . . can be equated with mental incompetence to stand trial." Vogt, 88 F.3d at 591 (quoting Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995)). See also Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995) (defendant with low intelligence still competent to stand trial); LoConte v. Dugger, 847 F.2d 745, 752 (11th Cir. 1988) (illiterate defendant with low intelligence competent to plead guilty).

There is little evidence in the record as to Gibbs's mental competency. He has a 9th grade education, and has "admitted to having some difficulty reading and writing." (Presentence Report, ¶ 101). He also states that he has been unable to obtain a driver's license due to inability to pass the written test. (§ 2255 Motion, Doc. No. 1, Attached Criminal History at 1). During sentencing, Gibbs's attorney explained that Gibbs is "not the most sophisticated person. I think he has a learning disability." (Tr. at 7).

On the other hand, in the Presentence Report he reported no history of mental or emotional problems. The Court asked all of the required questions in the Federal Rules of Criminal Procedure Rule 11 colloquy. Among many other questions in the colloquy, the Court asked Gibbs if he had reviewed the indictment and the stipulation of facts with his attorney, and if he had any questions about them. Gibbs replied that he had reviewed them and had no questions. (Tr. at 4-5). In addition, the Court asked if the medication that Gibbs was taking for an ear infection had any other effect on him, like making him "sleepy or dizzy or anything like that." (Tr. at 3). Gibbs answered that it did not.

In United States v. Smallwood, the Eighth Circuit found that when the "trial court fully complied with Rule 11 of the Federal Rules of Criminal Procedure[, it] permissibly concluded that defendant was competent and that his plea was made voluntarily and with understanding of the nature of the charge and the consequences of the plea." United States v. Smallwood, 536 F.2d 1257, 1259 (8th Cir. 1976). See also United States v. Marks, 85 F.3d 396, 397 (8th Cir. 1996) (when district court had inquired into effects of medications, the inquiry was sufficient for purposes of Rule 11).

Gibbs provides the Court with no new information as to his competency. Even assuming that all of the unsupported statements in the record are true, this is still not enough to require an

evidentiary hearing on Gibbs's mental competence.

Gibbs's motion to vacate, set aside, or correct his sentence because of mental incompetence is denied.

B. **Ineffective Assistance of Counsel**

Gibbs also alleges he received ineffective assistance of counsel.

In order to prevail on an ineffective assistance of counsel claim, Gibbs must first show that his attorney's performance was "deficient," and then that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Gibbs must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Gibbs satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. He must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. The Court is not required to address both components of the inquiry if Gibbs makes an insufficient showing on one component. Id. at 697.

Gibbs does not provide the Court with any information that shows how his attorney's performance was deficient. He only asserts two facts that are specific enough for the Court to address: that his attorney failed to file an appeal, and failed to withdraw the plea upon Gibbs's

6

request. As to the first issue, Gibbs waived his right to appeal in the plea agreement, so it was not unreasonable of his attorney to not file an appeal. As for not withdrawing the guilty plea, Gibbs has given no reason why his attorney should have moved to withdraw the guilty plea. This is inadequate to show deficient representation, thus failing the first prong of Strickland.

Gibbs's motion to vacate, set aside, or correct his sentence because of ineffective assistance of counsel is denied.

**C.      Discovery Violations**

Gibbs next asserts that the prosecution withheld exculpatory evidence. (§ 2255 Motion, Doc. No. 1, at 5). He, however, provides no further information about what the evidence is, and how it disproves his guilt.

In Brady v. Maryland, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). "To prove a Brady violation, a defendant must show that the prosecution suppressed the evidence, the evidence was favorable to the accused, and the evidence was material to the issue of guilt or punishment." United States v. Duke, 50 F.3d 571, 577 (8th Cir. 1995). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).

Here, where Gibbs has no information about what this evidence is, or how it is exculpatory, he cannot prove a Brady violation. See United States v. Dierling, 131 F.3d 722, 736 (8th Cir.1997)

7

(en banc) ("Mere speculation that the government had exculpatory evidence is an insufficient basis for a Brady claim.").

Gibbs's motion to vacate, set aside, or correct his sentence because of discovery violations is denied.

D.     **Claims Waived in Guilty Plea**

Gibbs challenges the search of his home and the sentence imposed, and asserts that he is innocent[5] of the charges. As he waived his rights to bring these claims, they must be denied.

In his plea agreement Gibbs waived his right to "contest the conviction or sentence, except for grounds of prosecutorial misconduct or ineffective assistance of counsel, in any post conviction proceeding, including one pursuant to Title 28, U.S.C., 2255." (Stipulation of Facts, Doc. No. 8, attached exh. 4, at 2).

Gibbs's motion to vacate, set aside, or correct his sentence because of an alleged

---

[5] To support his claim of innocence, Gibbs argues three points.

First, Gibbs asserts that he has never transported illegal drugs or weapons across state lines. The Court believes that this is in reference to the third element of 18 U.S.C. § 922(g)(1), that the "firearm was transported across the state line *at some time during or before* the defendant's possession of it." (Stipulation of Facts, at 7) (emphasis added). Gibbs misconstrues the element. The firearm must have crossed state lines at some point during its existence, not only when the defendant possessed it.

Second, Gibbs claims that the drugs found were for personal use and not for distribution. This is contradicted by his plea agreement and colloquy, in which he admitted that he intended to distribute the drugs. (Stipulation of Facts, at 6; Tr. at 11-12).

Third, he argues that he cannot be a felon in possession of a firearm because he has never been convicted of a federal crime before. This is irrelevant, as 18 U.S.C. § 922(g)(1) applies to felonies in both federal and state courts.

In addition, Gibbs asserts that the government did not have jurisdiction to prosecute him, as he is a "legal citizen of the State of Missouri and of St. Louis, Missouri." (§ 2255 Motion, Doc. No. 1 at 6). As his Missouri citizenship is not an element of the offenses, this argument is without merit.

8

unconstitutional search, an improper sentence, and claims of innocence is denied.

### E.     Claim IV: Violation of Sixth Amendment Rights under Booker

Gibbs's last claim is that his Sixth Amendment rights were violated under United States v. Booker, 125 S.Ct. 738 (2005). This claim will not succeed because Booker claims may not be raised on collateral appeal. Never Misses A Shot v. United States, 413 F.3d 781, 784 (8th Cir. 2005). The Court also notes that even if Gibbs could challenge his sentence, it would not be invalid under Booker. The maximum sentence just for count I, for violation of 21 U.S.C. § 841(a)(1), is 40 years in prison. Gibbs's sentence of 140 months is well under the statutory maximum. 21 U.S.C. § 841(b).

Gibbs's motion to vacate, set aside, or correct his sentence because his Sixth Amendment rights were violated is denied.

## IV.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice.  An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).


Dated this 16th  day of November, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE